UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| **RANDY L. VALENTINE,** | ) C/A No. 4:05-1157-HMH-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Report and Recommendation |
| DETECTIVE J. T. BURGESS, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## I.  INTRODUCTION

The plaintiff, Randy L. Valentine ("plaintiff/Valentine"), filed this action under 42 U.S.C. § 1983[1] on April 22, 2005, with a Houston v. Lack delivery date of April 8, 2005, alleging numerous allegations that his civil rights were violated when he was arrested and charged with murder without probable cause to believe he was guilty of the offense. The defendant filed a motion to dismiss on June 23, 2005, along with a memorandum in support of that motion. Because the plaintiff is proceeding pro se, he was advised on or about June 24, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to the defendant's motion to dismiss could result in dismissal of his complaint.  The plaintiff filed a response on July 19, 2005. (Document # 13).

## II.  DISCUSSION

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

## A. ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

The plaintiff alleges that his constitutional rights were violated when he was arrested and charged with murder without probable cause to believe he was guilty of the offense. Plaintiff alleges that defendant Burgess, a former detective with the City of Greenville Police Department, swore out an arrest warrant charging him with murder on December 11, 1996. As a result of that arrest warrant, plaintiff alleges that he was arrested on December 12, 1996. Plaintiff asserts that he was held at the Greenville County Detention for eight months and then the murder charges against him were dismissed by the Thirteenth Circuit Solicitor's Office on January 27, 2000. (Complaint, document #1).

Defendant moves this Court to dismiss plaintiff's claims arguing that they are untimely and barred by the statute of limitations. Defendant contends that plaintiff's claims are barred by the applicable statute of limitations because he was arrested on December 12, 1996, and the charge was dismissed on January 27, 2000, and plaintiff only had three years within which to file a § 1983 claim. Plaintiff filed this action on April 8, 2005 (Houston v. Lack delivery date). Thus, defendant asserts that plaintiff's action is barred in that plaintiff did not file the action until more than five years after the dismissal of the murder charge.

Plaintiff filed a response in opposition to the motion to dismiss asserting that defendant has failed to meet the requirements of a 12(b)(6) motion to dismiss in that defendant has "not demonstrated an absence of a genuine issue of material fact and a jury could find a verdict in favor of the plaintiff." (Response p. 3). Further, plaintiff asserts that in South Carolina, the statute of limitations applicable to a civil rights suit is a six year period specified in the S.C. Code Ann. §15-3-530." (Response, doc. #13).

### III.  STANDARD OF REVIEW

Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *See* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984);  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  This procedure, operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding.  Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable.  On the contrary, if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," Hishon, 467 U.S. at 73, a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one.  What Rule 12(b)(6) does not countenance are dismissals based on the disbelief of a judge of the complaint's factual allegations.  District court judges looking to dismiss claims on such grounds must look elsewhere for legal support.

A patently insubstantial complaint may be dismissed, for example, for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  *See, e.g.*, Hagans v. Lavine, 415 U.S. 528, 536-537, 94 S.Ct. 1372, 1378-79, 39 L.Ed.2d 577 (1974) (federal courts lack power to entertain claims that are " 'so attenuated and unsubstantial as to be absolutely devoid of merit' ") (citation omitted);  Bell v. Hood, 327 U.S. 678, 682-683, 66 S.Ct. 773, 776-76, 90 L.Ed. 939 (1946).  The present case is the type of case for which Rule 12(b)(6) was designed because it is clear from the face of the pleadings on file, without the need for reference to anything outside the record before the undersigned, that plaintiff's claim for damages pursuant to 42 U.S.C. § 1983  is barred by the applicable statute of limitations.

## IV. APPLICABLE LAW AND ANALYSIS

It is settled that there is no federal statute of limitations for section 1983 actions. Instead, the analogous state statute governing personal injury actions applies in section 1983 cases. *See* Wilson v. Garcia, 471 U.S. 261 (1985). The statute of limitations for section 1983 causes of action arising in South Carolina is three years. *See* S.C. Code Ann. § 15-3-530(5)[2]  *see also* Simmons v. South

---

[2] *See* § 15-3-530, South Carolina Code of Laws:
For causes of action arising or accruing on or after April 5, 1988, the following provisions will apply:
. . . .

Within three years:

    (1) an action upon a contract, obligation, or liability, express or implied, excepting those provided for in Section 15-3-520;

    (2) an action upon a liability created by statute other than a penalty or forfeiture;

    (3) an action for trespass upon or damage to real property;

    (4) an action for taking, detaining, or injuring any goods or chattels including an action for the specific recovery of personal property;

    (5) an action for any injury to the person or rights of another, not arising on contract and not enumerated by law, and those provided for in Section 15-3-545;

    (6) an action under Sections 15-51-10 to 15-51-60 for death by wrongful act, the period to begin to run upon the death of the person on account of whose death the action is brought;

    (7) any action for relief on the ground of fraud in cases which prior to the adoption of the Code of Civil Procedure in 1870 were solely cognizable by the court of chancery, the cause of action in the case not considered to have accrued until the discovery by the aggrieved party of the facts constituting the fraud;

    (8) an action on any policy of insurance, either fire or life, whereby any person or property, resident or situate in this State, may be or may have been insured, or for or on account of any loss arising under the policy, any clause, condition, or limitation contained in the policy to the contrary notwithstanding; and

    (9) an action against directors or stockholders of a monied corporation or a banking association to recover a penalty or forfeiture imposed or to enforce a liability created by law, the cause of action in the case not considered to have accrued until

(continued...)

Carolina State Ports Auth., 694 F.2d 64 (4th Cir. 1982) (citing to previous version of statute); Heyward v. Monroe, 166 F.3d 332 (4th Cir. 1998)(unpublished) (Table). Under South Carolina statute 15-3-535, "the statute of limitations is triggered not merely by knowledge of an injury but by knowledge of facts, diligently acquired, sufficient to put an injured person on notice of the existence of a cause of action against another." True v. Monteith, 327 S.C. 116, 120, 489 S.E.2d 615, 617 (1997)(professional malpractice case). However, South Carolina law is also clear that the allegedly injured plaintiff must exercise "reasonable diligence" in the pursuit of any personal injury action. According to the South Carolina Supreme Court,

> "[t]he exercise of reasonable diligence means simply that an injured party must act with some promptness where the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party might exist. The statute of limitations begins to run from this point and *not when advice of counsel is sought or a full-blown theory of recovery developed.*"

Snell v. Columbia Gun Exchange, Inc., 276 S.C. 301, 303, 278 S.E.2d 333, 334 (1981) (emphasis added). Also, it is clear that the question of whether the plaintiff has exercised this "reasonable diligence" is "an objective determination," Wilson v. Shannon, 299 S.C. 512, 386 S.E.2d 257 (Ct.App.1989), and "the fact that the injured *party may not comprehend the full extent of the damage* is immaterial." Dean v. Ruscon Corp., 321 S.C. 360, 364, 468 S.E.2d 645, 647 (1996)(property damage case) (citations omitted). Furthermore, according to this Court,

---

[2](...continued)
    the discovery by the aggrieved party of the facts upon which the penalty or forfeiture attached or the liability was created, unless otherwise provided in the law under which the corporation is organized.

5

> the focus is upon the *date of discovery of the injury*, not the date of discovery of the wrongdoer: The important date under the discovery rule is the date that a plaintiff discovers the injury, not the date of the discovery of the identity of another alleged wrongdoer. If, on *the date of injury*, a plaintiff knows or should know that she had some claim against someone else, the statute of limitations begins to run for all claims based on that injury.

Tollison v. B & J Machinery Co., Inc., 812 F.Supp. 618, 620 (D. S.C. 1993) (emphasis added).

Plaintiff's contention that he did had a six year statute of limitations is incorrect. Plaintiff was arrested on December 12, 1996, at which time plaintiff could have brought this action. Even using the date that the charges were dismissed against plaintiff, January 27, 2000, plaintiff would have had three years from that date to file this action. However, plaintiff waited over five years to file an action. There is no indication whatsoever that plaintiff was in any way prevented from instituting an earlier civil damages action against the person who allegedly arrested him without probable cause.

The Complaint in this case was "formally" filed in this Court on April 22, 2005, with a Houston v. Lack delivery date of April 8, 2005.[3] As a result, it appears without doubt that plaintiff's complaint was filed outside the applicable statute of limitations and, therefore, fails to state a claim upon which relief may be granted. Although dismissal of the Complaint might seem harsh in this case where plaintiff alleges that he was detained for eight months without probable cause, compliance with the applicable statute of limitations is a clear requirement for all litigants, whether with counsel or appearing *pro se* as does plaintiff in this case. Such compliance is necessary to the proper functioning of the judicial system and must be enforced by this Court, unless

---

[3] In the event that a limitations issue arises in prisoner-filed litigation, the plaintiff has the benefit of the holding in Houston v. Lack, 487 U.S. 266 (1988). Houston v. Lack holds that timeliness issues surrounding prisoner pleadings will be based on the date that the prisoner turned his pleading over to prison authorities for mailing.

waived by defendants. In this regard, the United States Court of Appeals for the Fifth Circuit has commented on the purpose and effect of statutes of limitations as follows:

> Limitations statutes, however, are not cadenced to paper tidiness and litigant convenience. Time dulls memories, evidence and testimony become unavailable, and death ultimately comes to the assertions of rights as it does to all things human.

United States v. Newman, 405 F.2d 189, 200 (5th Cir. 1969)(citation omitted from quotation).

Based on the above, this action should be dismissed for it is barred by the statute of limitations.

## V.  CONCLUSION

It is, therefore, RECOMMENDED that defendant's Motion to Dismiss (Document #8) be GRANTED and this case dismissed.

It is FURTHER RECOMMENDED that all outstanding motions in this file be deemed MOOT.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

November 21, 2005
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

7