IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Randy L. Valentine, #198972, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 4:05-1157-HMH-TER |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Detective J.T. Burgess, | ) | |
| | ) | |
| Defendant. | ) | |

     This matter is before the court with the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) (West Supp. 2005) and Local Rule 73.02 DSC.[1]  Randy L. Valentine ("Valentine"), a state prisoner proceeding pro se, alleges various violations to his civil rights under 42 U.S.C. § 1983.  In his Report, Magistrate Judge Rogers recommends granting the Defendant's motion to dismiss and deeming all remaining outstanding motions moot.

     Valentine filed objections to the Report and Recommendation.  Objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Valentine's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. However, Valentine specifically objects to Magistrate Judge Rogers' conclusion that Valentine's 1983 action for malicious prosecution is time-barred under South Carolina's three-year statute of limitations set forth in Code of Laws section 15-3-530(5) (2005).

Valentine was arrested on December 12, 1996, on murder charges. Valentine alleges that although the murder charges against him were dismissed January 27, 2000, he did not know that they had been dismissed until January 23, 2005, because he had been unable to obtain this information. (Objections 2.) "[A]ll actions initiated under [s]ection 15-3-530(5) must be commenced within three years after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action." S.C. Code § 15-3-535. The court finds that Valentine did not act with reasonable diligence to obtain the information regarding his claim. See Snell v. Columbia Gun Exch., Inc., 278 S.E.2d 333, 334 (S.C. 1981). "The exercise of reasonable diligence means simply that an injured party must act with some promptness where the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party might exist." Id. Therefore, after a thorough review of the

Magistrate Judge's Report and the record in this case, the court adopts Magistrate Judge Roger's Report and Recommendation.

Therefore, it is

**ORDERED** that the Defendant's motion to dismiss, document number 8, is granted. It is further

**ORDERED** that Valentine's motion to compel, document number 14, and the Defendants' motion for a protective order, document number 16, are dismissed as moot.

**IT IS SO ORDERED**.

s/ Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
December 19, 2005

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.